# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARMEN DIXON-ROLLINS**,<br><br>    **Plaintiff**,<br><br> vs.<br><br>**TRANS UNION, LLC**<br><br>    **Defendant.** | **Civil Action No. 09-646** |

## PLAINTIFF'S PROPOSED POINTS FOR CHARGE

The plaintiff, Carmen Dixon-Rollins, has brought a federal lawsuit against the defendant, Trans Union, LLC. The law at issue in this case is the federal Fair Credit Reporting Act, which I will sometimes refer to as the "FCRA."

**PLAINTIFF'S JURY INSTRUCTION NO. P-1 (FCRA'S PURPOSE GENERALLY)**

The FCRA is a federal statute intended to regulate the handling of consumers' personal information with regard to confidentiality, accuracy, and the proper use of such information.

The purpose of the Fair Credit Reporting Act, in the words of the law, is as follows:

> It is the purpose of the Act to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy and proper utilization of such information.

15 U.S.C. §1681a; Philbin v. Trans Union Corp., 101 F.3d 957, 962 (3d Cir. 1996).

The FCRA was prompted by "congressional concern over abuses in the credit reporting industry." Philbin, 101 F.3d at 962; see also Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329 (9th Cir. 1995). Further, it is fashioned so as to protect the credit worthiness and reputation of every consumer. Ackerly v. Credit Bureau of Sheridan, Inc., 385 F. Supp. 658 (D. Wyo. 1974). The FCRA was crafted to protect consumers from the transmission of inaccurate information about them. Kates v. Croker National Bank, 776 F.2d 1396, 1397 (9th Cir. 1995).

## **PLAINTIFF'S JURY INSTRUCTION NO. P-2 (FCRA'S REMEDIAL GOAL)**

Congress enacted the FCRA to protect consumers against "the trend toward . . . the establishment of all sorts of computerized data banks [that placed a consumer] in great danger of having his life and character reduced to impersonal 'blips' and key punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable." Dalton v. Capital Associated Industries, Inc., 257 F.3d 409 (4th Cir. 2000), (citing 116 Cong. Rec. 36570).

As a result, the FCRA imposes "grave responsibilities" upon credit reporting agencies to ensure the accuracy of the information that they report. Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997).


See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.02; 15 U.S.C. § 1681; Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997).

**PLAINTIFF'S JURY INSTRUCTION NO. P-3 (FCRA DEFINITIONS)**

For the purpose of this case:

The plaintiff, Carmen Dixon-Rollins, is a "consumer" entitled to the protection and benefit of the FCRA. The defendant Trans Union, LLC is a "consumer reporting agency" and is regulated by the FCRA. The reports in this case are "consumer reports" under the Act.

Note that in this case the court and the parties may refer to Trans Union as a "consumer reporting agency" or a "credit reporting agency" or a "credit bureau." As used in this case these terms are identical and interchangeable.

Also note that in this case the terms "consumer report" and "credit reports" mean the same thing and are interchangeable.

See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.03; 15 U.S.C. § 1681a (definitions).

**PLAINTIFF'S JURY INSTRUCTION NO. P-4 (SUMMARY OF CLAIMS)**

In this case, the plaintiff, Mrs. Dixon-Rollins, claims that the defendant Trans Union violated the Fair Credit Reporting Act by failing to reasonably reinvestigate and correct a $690 collection account on Mrs. Dixon-Rollins' credit report.

See 15 U.S.C. § 1681i(a)

## **PLAINTIFF'S JURY INSTRUCTION NO. P-5 (BURDEN OF PROOF)**

As in most civil cases, the plaintiff here has the burden of proving her case by a preponderance of the evidence. A "preponderance" is the greater weight of the evidence.

Specifically, preponderance of the evidence means that plaintiff has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to plaintiff and the evidence favorable to defendant on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on her side. If plaintiff fails to meet this burden, the verdict must be for defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then that claim or fact has been proved by a preponderance of the evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

Third Circuit Model Instruction 1.10.

## **PLAINTIFF'S JURY INSTRUCTION NO. P-6 (1681i CLAIM)**

Now, the FCRA does require a company such as Trans Union to conduct a reasonable "reinvestigation" if the consumer disputes the accuracy of any information.

A consumer has the right to dispute any information in his or her report, and Trans Union is required to conduct a reasonable reinvestigation into such a dispute and permanently correct any inaccurate information within 30 days, which may be extended to 45 days in some instances.

In order to prove Trans Union's liability for failure to conduct a reasonable reinvestigation into her dispute, the plaintiff here must show that she disputed an item of information and that any reinvestigation conducted by Trans Union did not correct the inaccuracy within 30 days, or 45 days at the most.

If the completeness or accuracy of any item of information contained in a consumer's credit report is disputed by the consumer, and the consumer notifies the agency of the dispute, the agency shall:

    (1)     reasonably reinvestigate the disputed information free of charge;

    (2)     provide notice of the dispute to the source of the disputed information, along with all relevant information regarding the dispute that the agency received from the consumer; and

    (3)     review and consider all relevant information submitted by the consumer in connection with the dispute.

If, after the reinvestigation, an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete the item of information from the consumer's report or modify that item of information as appropriate based upon the results of the reinvestigation in order to make it accurate. See 15 U.S.C. § 1681i(a); Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997).

## **PLAINTIFF'S JURY INSTRUCTION NO. P-7 (PARROTING)**

In considering whether the defendant here conducted a reasonable reinvestigation under the FCRA, you should further know that the burden of conducting a reinvestigation into a consumer's dispute lies with the consumer reporting agency, not the entity that originally reported or supplied the disputed information or with the consumer. In conducting a reinvestigation of a consumer's credit dispute, the credit reporting agency cannot simply mimic or "parrot" information from the sources of its information.

Congress intended that consumer reporting agencies, having the opportunity to reap profits through the collection and dissemination of credit information, bear grave responsibilities to ensure the accuracy of that information. The duty of reinvestigation imposed on credit reporting agencies by the FCRA consists of more than merely parroting information received from other sources. A reinvestigation that merely shifts the burden back to the consumer does not fulfill the obligations contemplated by the statute.

Cushman v. Trans Union Corporation, 115 F.3d 220, 226 (3d Cir. 1997); Stevenson v. TRW, Inc., 987 F.2d 288, 293 (5th Cir. 1993); Sheffer v. Experian Information Solutions, Inc. and Trans Union, LLC, C.A. No. 02-7407, 2003 WL 21710573 (E.D. Pa. July 24, 2003); Lawrence v. Trans Union, LLC, 296 F. Supp. 2d 582, 588-89 (E.D. Pa. 2003); Evantash v. G.E. Capital Mortgage Servs., Inc. and Trans Union, Civ. No. 02-1188, 2003 WL 22844198, *5 (E.D. Pa. Nov. 25, 2003); Crane v. Trans Union, LLC, 282 F. Supp. 2d 311 (E.D. Pa. 2003).

**PLAINTIFF'S JURY INSTRUCTION NO. P-8**
**(FORWARDING ALL RELEVANT INFORAMTION)**

As part of its reinvestigation duties, the FCRA also requires a consumer reporting agency to forward "all relevant information" sent to it by the consumer to the entity that furnished the disputed information to the agency in the first place.  Specifically, the FCRA provides:

> Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer . . . the agency shall provide notification of the dispute <u>to any person who provided any item of information in dispute</u>, at the address and in the manner established with the person. The notice shall include <u>all relevant information</u> regarding the dispute that the agency has received from the consumer.

15 U.S.C. § 1681i(a)(2)(A) (emphasis added).

Plaintiff claims that Trans Union failed to forward "all relevant information" to any third party or credit furnishers that supplied Trans Union with the disputed information in this case.


15 U.S.C. § 1681i(a)(2)(A); <u>Lawrence v. Trans Union, LLC</u>, 296 F. Supp. 2d 582, 588-89 (E.D. Pa. 2003); <u>Crane v. Trans Union, LLC</u>, 282 F. Supp. 2d 311 (E.D. Pa. 2003).

**PLAINTIFF'S JURY INSTRUCTION NO. P-9 (NEGLIGENCE STANDARD)**

If you find by a preponderance of evidence that Trans Union was "negligent" in fulfilling its duties under the FCRA, as I just described them to you, you must find that Trans Union is liable here, and you must then consider what damages, if any, the plaintiff may recover. I will instruct you on the law of FCRA damages shortly. If, on the other hand, you find that Plaintiff did not establish by a preponderance of evidence that Trans Union's conduct was negligent, you must find for Trans Union.

The word "negligence" as used in these instructions means the failure to do something that a reasonably prudent person would do or the doing of something that a reasonably prudent person would not do under the circumstances that you find existed in this case. In other words, the standard of conduct by which you must judge the adequacy of the defendant's reinvestigation in this case is what a reasonably prudent person would do under these circumstances. You may find that careless or imprudent conduct is negligent. Also, you may find that the failure to affirmatively take action that a reasonable person would have taken under the circumstances is negligent.

See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.05; see 15 U.S.C. § 1681o; Philbin v. Trans Union Corporation, 101 F.3d 957, 962-63 (3d Cir. 1996).

**PLAINTIFF'S JURY INSTRUCTION NO. P-10 (WILLFULNESS STANDARD)**

If you find by a preponderance of evidence that Trans Union was "reckless" in fulfilling its duties under the FCRA, as I just described them to you, you must find that Trans Union is liable here, and you must then consider what damages, if any, the plaintiff may recover. I will instruct you on the law of FCRA damages shortly. If, on the other hand, you find that plaintiff did not establish by a preponderance of evidence that Trans Union's conduct was reckless, you must find for Trans Union.

The word "reckless" as used in these instructions refers to willful conduct, and not mere carelessness. A credit reporting agency, for example, acts willfully by following a policy or practice in "reckless disregard" of any consumer right. Reckless conduct or reckless disregard entails an unjustifiably high risk of harm that is either known or so obvious that it should be known. Note that reckless conduct need <u>not</u> be knowing, intentional, premeditated or malicious. The plaintiff here does not need to show that Trans Union deliberately violated the law, only that it acted with reckless disregard for her rights.

See <u>Safeco Ins. Co. of America v. Burr</u>, 551 U.S. 47, 57-68 (2007); 15 U.S.C. § 1681n; <u>Cushman v. Trans Union Corp.</u>, 115 F.3d 220, 225 (3d Cir. 1997).

## PLAINTIFF'S JURY INSTRUCTION NO. P-11 (CAUSATION)

For actions brought under the Fair Credit Reporting Act, harm or damage is considered caused by an act, or a failure to act, whenever you can infer from the evidence that the act or omission was a substantial part or factor in bringing about or actually causing the injury or damage. It is not necessary that the act was the sole or primary cause of the harm.

The term "proximate cause" as used in these instructions means that there must be a connection between the conduct of the defendant which the plaintiff claims violated the law and the harm complained of by the plaintiff, and that the act which is claimed to have produced the harm was a natural and probable result of the defendant's conduct.

See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §§ 80.18 and 92.06; See Philbin v. Trans Union Corporation, 101 F.3d 957, 966 (3d Cir. 1996).

**PLAINTIFF'S JURY INSTRUCTION NO. P-12**
**(FCRA ACTUAL DAMAGES RECOVERABLE)**

Now, if you find that the defendant violated its legal duties under the FCRA as I have described them to you, and that the defendant's actions or omissions were a substantial factor is causing harm to the plaintiff, then your duty is to determine the amount of money that reasonably, fairly, and completely compensates the plaintiff for the damages which you decide resulted from the defendant's failure to comply with the statute.

Under the FCRA, a plaintiff may recover "actual damages," which has a special meaning. "Actual damages" under the FCRA can be one or more of the following:

(1) **Economic or Financial Losses**. This type of actual damages consists of out-of-pocket or monetary losses that the plaintiff already incurred, will incur into the future, or both. See Casella v. Trans Union, 56 F.3d 469 (2nd Cir. 1995); Guimond v. Trans Union, 45 F.3d 1329, 1333 (9th Cir. 1995).

(2) **Loss of Credit Opportunities**. This type of actual damages consists of lost loans or other credit opportunities, regardless of whether these missed credit opportunities resulted in out-of-pocket or monetary losses for the plaintiff. This type of damages focuses upon a plaintiff's inability to use his or her credit or to obtain new credit. See Lawrence v. Trans Union, LLC, 296 F. Supp. 2d 582, 588-89 (E.D. Pa. 2003) (citing Philbin, 101 F.3d at 957); Guimond, 45 F.3d at 1333; Bach v. First Union Nat'l Bank, 149 Fed. Appx. 354, 2005 WL 2009272, *7 (6th Cir. Aug. 22, 2005); see also Rothery v. Trans Union, Civ. No. 04-312-ST, 2006 WL 1720498 (D. Or. Apr. 6, 2006); O'Brien v. Equifax, 382 F. Supp. 2d 733, 734-35 (E.D. Pa. 2005).

(3) **Credit Defamation.** This type of actual damages consists of harm to the plaintiff's credit rating, credit reputation and/or good name. Dalton v. Capital Assoc., 257 F.3d 409, 418-19 (4th Cir. 2001); Fischl v. GMAC, 708 F.2d 143 (5th Cir. 1983); Millstone v. O' Hanlon Reports, Inc., 529 F.2d 829, 834-35 (8th Cir. 1976); Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va. 1990).

(4) **Emotional Distress**. This type of actual damages is broad in nature. It can consist of any worry, frustration, anxiety, humiliation, embarrassment, and/or mental anguish, or combination thereof, suffered by the plaintiff as result of defendant's failure to comply with the FCRA. Cushman v. Trans Union Corp., 115 F.3d 220, 225-27 (3d Cir. 1997) (actual damages may be emotional in nature); Guimond v. Trans Union, 45 F.3d 1329, 1333 (9th Cir. 1995); Fischl v. GMAC, 708 F.2d 143 (5th Cir. 1983); Casella v. Trans Union, 56 F.3d 469 (2d Cir. 1995); Bryant v. TRW, Inc., 689 F.2d 72 (6th Cir. 1982); Dalton v. Capital Assoc., 257 F.3d 409, 418-19

(4th Cir. 2001); Lawrence v. Trans Union, LLC, 296 F. Supp. 2d 582, 588-89, 2003 WL 22992081, *3-5; Evantash v. G.E. Capital Mortgage Servs., Inc., Civ. No. 02-1188, 2003 WL 22844198, *5 (E.D. Pa. Nov. 25, 2003); Crane v. Trans Union, LLC, 282 F. Supp. 2d 311, 321 (E.D. Pa. 2003) (citations and footnotes omitted)*;* see also Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir. 1997); Sheffer v. Experian Info. Solutions, Inc., Civ. No. 02-7407, 2003 WL 21710573, *3 (E.D. Pa. July 24, 2003) ("At the very least, Plaintiff may be entitled to damages for the emotional distress he may have suffered in connection with his efforts to correct the error."); Lukens v. Dunphy Nissan, Inc., Civ. No. 03-767, 2004 WL 1661220, *5 (E.D. Pa. Jul. 26, 2004) (in FCRA case, plaintiff may recover for having to place fraud alert on his credit report and for time in dealing with and attempting to clear up identify theft situation).

If the evidence in this case warrants such a finding, you must award to plaintiff fair and complete monetary compensation for each of the foregoing four (4) categories of actual damages.

## PLAINTIFF'S JURY INSTRUCTION NO. P-13
## (PROOF OF CREDIT DENIAL NOT NECESSARY)

The outright denial of credit is not necessary in order for you to award actual damages under the FCRA for economic or financial losses, credit defamation of emotional distress. A denial of credit is also not necessary in order for you to award damages for lost credit opportunities. An offer of credit which has an interest rate or other material term that is adversely impacted by the defendant's unlawful conduct can constitute a lost credit opportunity.

Bach v. First Union National Bank, 149 Fed. Appx. 354, 360, 2005 WL 2009272, *6 (6th Cir. 2005); Guimond v. Trans Union Credit Corporation, 45 F.3d 1329, 1333 (9th Cir. 1995).

**PLAINTIFF'S JURY INSTRUCTION NO. P-14 (FUTURE DAMAGES)**

If any element of damage is of a continuing nature, you shall decide for how long it will continue and award plaintiff compensation for reasonably calculated future damages.

See generally Bruce v. First U.S.A. Bank, Nat. Ass'n, 103 F. Supp. 2d 1135, 1144 (E.D. Mo. 2000) (citing Stevenson v. TRW Inc., 987 F.2d 288, 296-97 (5th Cir. 1993)); Jones v. Credit Bureau of Huntington, Inc., 184 W. Va. 112, 399 S.E.2d 694, 699-700 (W. Va. 1990).

**PLAINTIFF'S JURY INSTRUCTION NO. P-15**
**(MEDICAL TESTIMONY NOT NECESSARY FOR EMOTIONAL DISTRESS)**

There is no fixed standard or measure in the case of intangible items such as frustration, anxiety, humiliation, embarrassment, worry, and emotional distress. You must determine a fair and adequate award of these items of harm using your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

In an FCRA case, a person may recover for frustration, anxiety, humiliation, embarrassment, worry, and emotional distress, etc. based upon his or her own subjective testimony about his or her feelings. He or she does not have to introduce expert, medical or other testimony.

Smith v. Law Office of Mitchell N. Kay, 124 B.R. 182, 185 (D. Del. 1990); Johnson v. Dept. of Treasury, I.R.S., 700 F.2d 971, 985 fn. 39 (5th Cir. 1983). Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir. 1982).

**PLAINTIFF'S JURY INSTRUCTION NO. P-16**
**(FACTORS FOR AWARDING PUNITIVE DAMAGES)**

In this case, the law provides that you may also award punitive damages. In order to award punitive damages you need <u>not</u> find malice or evil motive on part of the defendant, Trans Union. Punitive damages here may be awarded [if you find] / [because you found] that Trans Union's failure to comply with the FCRA was due to a reckless disregard of the plaintiff's consumer rights.

Punitive damages are awarded not to compensate the plaintiff for the harm she suffered, but rather, to punish reprehensive conduct and to deter its future occurrence.

Some of the factors you may consider in assessing punitive damages include:

(1) the remedial purpose of the Fair Credit Reporting Act;

(2) the harm to the consumer intended to be avoided or corrected by the Act;

(3) the manner in which the defendant conducted its business with regards to its reinvestigation procedures and the preventing inaccuracies in credit files; and

(4) the defendant's wealth;

In awarding punitive damages under the Fair Credit Reporting Act, you should consider an award that would be adequate to deter defendant's similar conduct in the future.

See <u>Gertz v. Welch</u>, 418 U.S. 323, 350 (1974); <u>Kaplan v. Harco Nat. Ins. Co.</u>, 708 So. 2d 89, 95 (Miss. App. 1998); <u>Jones v. Credit Bureau of Huntington, Inc.</u>, 399 S.E.2d 694 (W. Va. 1990); <u>Pinner v. Schmidt</u>, 805 F.2d 1258 (5th Cir. 1986).

                      **Respectfully submitted,**

                      **FRANCIS & MAILMAN, P.C.**

BY:   */s/ John Soumilas*
        JOHN SOUMILAS
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
Dated: February 19, 2010       (215) 735-8600

### **CERTIFICATE OF SERVICE**

I, John Soumilas, hereby certify that, on this date, I caused a true and correct copy of Plaintiff's Proposed Points for Charge to be served by way of ECF notification, upon the following:

> Bruce S. Luckman, Esquire
> Christopher N. Jones, Esquire
> Timothy P. Creech, Esquire
> Kogan, Trichon & Wertheimer, P.C.
> 1818 Market Street, 30th Floor
> Philadelphia, PA  19103

 

**FRANCIS & MAILMAN, P.C.**

BY:  */s/ John Soumilas*
JOHN SOUMILAS
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Dated: February 19, 2010        (215) 735-8600