**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARMEN DIXON-ROLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRANS UNION, LLC | ) |
| Defendant. | ) |

C.A. No: 09-646

**TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

Because Trans Union's post trial motions are pending and a favorable disposition of such motions may render moot Plaintiff's instant Motion for Attorney's Fees ("Plaintiff's Motion"), Trans Union respectfully requests that the Court reserve ruling on Plaintiff's Motion pending disposition of Trans Union's post trial motions.  In the alternative, Trans Union respectfully requests permission to supplement this Opposition if the disposition of Trans Union's post trial motion renders or reduces the damages verdicts so Trans Union can more directly and fully address the critical "degree of success" factor in *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

## I.      INTRODUCTION

This case arises out of the collection efforts of Plaintiff's landlord, Chancellor Properties, to recover $690.00 of rent Plaintiff failed to pay.  In its attempt to collect, Chancellor Properties: 1) reported the past due amount to Experian (the "Chancellor Account"); 2) hired ACCB Credit and Collection, a collection agency, which wrote dunning letters to Plaintiff and reported the collection account to Trans Union and Experian (the "ACCB Account"); and 3) hired a law firm to file a small claims action to collect the unpaid rent.

Plaintiff settled and paid Chancellor's attorneys, but Chancellor did not properly record the settlement payment.  For several years, including several months after Plaintiff filed the instant action, Chancellor consistently verified that Plaintiff still owed money for the unpaid rent.  The claims pertinent to Plaintiff's FCRA case against Trans Union and Experian are that each violated their duty by reporting the inaccurate account and that each failed to properly reinvestigate her disputes.  (Complaint, Dkt#1, ¶¶9, 11 and 21; Amended Complaint, Dkt#21, ¶¶11, 13-14.)  Plaintiff asserts that ACCB and Chancellor failed to comply with the FCRA by negligently reporting and investigating the ACCB Account and Chancellor Account.  (Complaint ¶¶ 17, Dkt#1 and Amended Complaint, ¶19, Dkt#21.)   Plaintiff's Pretrial Memorandum squarely placed responsibility for the inaccuracy and failed reinvestigation and investigations and all of her damages on all three of the defendants then remaining in this action – Trans Union, Chancellor, and ACCB. (*See* Dkt#58, pp. 3-5.)

Plaintiff's claim of financial damages was that the reporting of the Chancellor and ACCB Accounts caused an increase in her Gateway Mortgage loan interest rate.  Plaintiff also claims emotional distress damages stemming from her frustration over all of the defendants' responses to her disputes.  (*Id*., pp. 4-5.)  There is no dispute that Experian was the only entity to report the Chancellor Account to Gateway, or that both Experian and Trans Union reported the ACCB Account (with a balance) to Gateway. As more fully set forth in Trans Union's post trial motion, Plaintiff's evidence of harm was insufficient as a matter of law.  But for purposes of this motion, there is no dispute that all such harm is connected solely to the reporting, collection and reinvestigation of one thing, the $690.00 Chancellor debt.  (*Id.*, p. 2.)

The original complaint, filed February 16, 2009, named Trans Union, Experian and ACCB as defendants.  (Dkt#1.)  The amended complaint, filed June 22, 2009, added Chancellor

Properties.  (Dkt#21.)   Experian was dismissed on September 8, 2009 (Dkt#29); ACCB and Chancellor were dismissed on February 18, 2010 (Dkt#69), on the eve of trial.  By that time, ACCB had filed its dispositive motion and motions *in limine*, Chancellor had filed a Daubert Motion and motions *in limine*, and all parties had attended the settlement conference on February 12, 2010.  At the time of Plaintiff's settlement with ACCB and Chancellor, Plaintiff and all three remaining defendants were in the midst of preparing the final pretrial and trial exhibits.

For purposes of allocated responsibility for Plaintiff's attorneys' fees, Trans Union respectfully submits that it was the least culpable of the original four defendants.  Chancellor Properties was likely the most culpable, it created the problem in the first place by failing to record the settlement and exacerbated the problem by later verifying the $690.00 remained unpaid to ACCB.   Experian was more culpable than Trans Union because it reported both the Chancellor Account **and** the ACCB Account – two collections for one unpaid debt.  ACCB was more culpable than Trans Union because it had a direct contractual relationship with Chancellor Properties, but failed to discover the balance had been settled and paid.  The relevance of the original defendants' levels of culpability is not a meaningless exercise in post-verdict finger-pointing.  Instead, it is a proper basis for this Court to properly apportion the responsibility for the attorney's fees Plaintiff incurred in litigating the case before the other defendants settled.

However, to avoid generating a second litigation over apportioning fees, Trans Union respectfully submits that liability for attorneys fees ought to be divided equally among the number of defendants against which Plaintiff prosecuted her claims at the time the fees were incurred.  Plaintiff fully appreciated her duty to apportion, but largely did so on the basis of a flat 50%, even though the apportionment should be 25% to Trans union when there were four defendants and 33% to Trans Union when there were three defendants.   At times, Plaintiff did

accurately apportion at 33% to Trans Union, but she mostly failed to account for all defendants, and, instead seeks a windfall by having Trans Union pay the bulk of her attorney's fees.

Trans Union also submits that Mr. Baskerville's hourly rate is unsupported and certain costs are inappropriate. Finally, as set forth *infra*, this is not an exceptional case in which an enhancement is available or appropriate.

## II. ARGUMENT

### A. Plaintiff Disproportionately Allocates Attorney's Fees To Trans Union.

"A district court has wide discretion on how to divide liability for attorney fees. For example, a court can divide attorney fees equally among the defendants." *Swan v. Daniels*, 917 F. Supp. 292, 301 (D. Del. 1995), *citing Council for Periodical Distributors Assoc. v. Evans*, 827 F.2d 1483, 1487-88 (11th Cir. 1987); *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 959-60 (1st Cir. 1984); and *Dunten v. Kibler*, 518 F. Supp. 1146, 1159 (N.D. Ga. 1981). *Cf. Coleman v. Kaye*, 87 F.3d 1491, 1510 (3d Cir. N.J. 1996) ("It is a well-established principle that when multiple defendants are held to be liable in a civil rights action, the proper course of action for a district court is to allocate responsibility for the payment of fees among the responsible parties."). Here, Plaintiff recognizes that apportionment of attorney's fees is required, but she allocates a disproportionate share of her attorneys' fees to Trans Union.

In *Jefferson, v. City of Camden*, 2006 U.S. Dist. LEXIS 46654 (D.N.J. June 30, 2006) the Court held that "District courts have several options to equitably apportion fees between several defendants … (1) divide the fees equally among the defendants, … (2) apportion fees according to relative culpability …, or (3) look to the real source of the offense and the relative time spent litigating against each defendant… ." 2006 U.S. Dist. LEXIS 46654, *56-57. Here, only option

4

one, divide the fees equally, is feasible without a searching inquiry, which a motion for attorney's fees should not entail. *Lining v. Temporary Personnel Services, Inc.*, 2008 U.S. Dist LEXIS 43321, *2 (W.D. Pa. 2008) ("From a general perspective, a request for attorney fees should not result in a second major litigation.")  Determining relative culpability is a difficult task and one in which Trans Union will likely be held less culpable than the other defendants, as set forth above.  As to option three, Trans Union is not the "real source of the offense."  Instead, Chancellor's faulty bookkeeping is the real source of offence.  Finally, Plaintiff's counsel engage in block billing, where time records encompass several tasks, such that trying to parse out which task pertained to any defendant alone is virtually impossible.[1]

Rather than engage in an exhaustive review of culpability, Trans Union respectfully submits that the attorney's fees should be apportioned equally among the defendants.  In *Council for Periodical Distributors*, *supra*, the Eleventh Circuit Court of Appeals addressed apportionment and recommended, in situations similar to the instant case, "Most simply, in cases with roughly equal wrongdoers . . ., the fees can be divided equally among the defendants."  827 F.2d at 1487.  In *Halderman v. Pennhurst State School and Hospital*, 725 F.Supp. 861 (E.D. Pa. 1989), the District Court followed the Eleventh Circuit's suggestion and allocated attorney's fees among the defendants equally.

---

[1]     Plaintiff's case against all defendants turned on the inaccuracy of the $690.00 balance and the communications between the defendants to determine the accuracy of balance.  Whether she was taking discovery about Chancellor to confirm what it knew and when about the balance; about ACCB's efforts to verify the balance with Chancellor; about Trans Union's efforts to verify the ACCB Account (and not Chancellor); or about Experian's efforts to verify the ACCB and Chancellor Accounts, discovery respecting all defendants was necessary to her claims against any one defendant.  Plaintiff's FCRA claims against ACCB could not be proven without evidence of Trans Union's notice to ACCB of Plaintiff's dispute; her case against Trans Union relied upon her showing what Trans Union knew or could have known about the payment of the balance to Chancellor from Chancellor and/or ACCB.  For example, even though Chancellor has already settled, Plaintiff called as a witness at trial Chancellor's employee Christie Williams.

As noted above, Plaintiff sued four entities, but settled with three of them before trial. Once Plaintiff settled with those defendants *she was compensated* for the time her counsel spent litigating issues relating to those defendants and Trans Union should not be called upon to pay for attorney or costs time for which Plaintiff has already been compensated.  Accordingly, the most reasonable way to apportion fees is to discount the time by 75% when all four defendants remained in this action and by 67% when three defendants were present:

| Time Period | Appropriate Reduction | Trans Union's Proportionate Share |
|---|---|---|
| February 16, 2009 – June 21, 2009 | 67% | 33% |

    (During this time, from the filing of Plaintiff's Initial Complaint to the filing of her Amended Complaint, there were three defendants, ACCB, Experian, and Trans Union.)

| | | |
|---|---|---|
| June 22, 2009 – September 7, 2009 | 75% | 25% |

    (Plaintiff added Chancellor as a defendant on June 22, 2009, upon the filing of her Amended Complaint.)

| | | |
|---|---|---|
| September 8, 2009 – February 17, 2010 | 67% | 33% |

    (Experian was dismissed on September 8, 2009, leaving three defendants:  ACCB, Trans Union, and Chancellor.)

| | | |
|---|---|---|
| February 18, 2010 – present | 0% | 100% |

    (ACCB and Chancellor were dismissed on February 18, 2010, leaving Trans Union as the sole remaining defendant.)

Reducing the attorney's fees claimed by Plaintiff's counsel as set forth above leads to a reduction in fees of $22,450.95, from $124,394.40 to $101,943.45.  Trans Union's calculation of fees is shown on Exhibit 1, in the left margins of the billing statements attached to the Declaration of Mark Mailman, Esq. as Exhibit "A."

**B.     The Rate Claimed For Geoffrey Baskerville Is Unsupported And Has Not Been Awarded Previously.**

Plaintiff cites *Morris v. I.C. Systems, Inc.*, C.A. 06-2133 (E.D. Pa. May 15, 2009) for the proposition that an hourly rate of $340 for Mr. Baskerville was recently approved.  (*See*, Plaintiff's Motion, p 16.)  However, in that case, which is less than a year old, Judge O'Neill approved an hourly billing rate for Mr. Baskerville of $290, not $340.  In *Morris*, the Court did award hourly billing rates for Mr. Mailman of $390 and Mr. Soumilas of $315, both of which rates are requested instantly.  Plaintiff here offers no basis to justify an increase of Mr. Baskerville's rate of 17% ($50 per hour), while the rates sought for Mr. Mailman and Mr. Soumilas have not changed.  Plaintiff proffers no evidence to support any increase since last May for Mr. Baskerville's work "in the pre-trial investigation, discovery and pretrial and trial assistance." Because there is no support for the increase, the total fees for Mr. Baskerville should be reduced by $4,296.00, from $29,212.80 (85.92[2] hours @ $340 per hour) to $24,916.80 (85.92 hours @ $290 per hour).   Accordingly, the total attorney's fees should be reduced $4,296.00 from $101,943.45 to $97,647.45.


**C.     Exclusion of Improper Costs.**

Plaintiff's claim for "Internal Copying and Scanning" should be discounted $1,243.05 (75%), from $1,657.40 to $414.35.  Because Plaintiff did not submit evidence of when those charges were incurred (*i.e.*, contemporaneous records), those charges should be allocated in equal among all four defendants.  (*See*, Exhibit B to Mailman Declaration, Dkt#99-1, p. 40.)

---

[2]   The 85.92 hour figure is Trans Union's suggestion after proper apportionment of attorney's fees among all defendants.  Plaintiff requested 118.42 hours for Mr. Baskerville's time.  If Plaintiff is awarded 118.42 hours for Mr. Baskerville, the reduction would be $5,921.00.

Moreover, Plaintiff improperly claims $294.23 for "Travel and Lodging for Florida Deps.", a cost that is not specifically allowed under 28 U.S.C.A. §1920.[3]   (*Id.*)

In total, Plaintiff's costs should be reduced by $1,537.28, from $6,391.34 to $4,854.06.

### D.     Plaintiff Is Not Entitled To an "Enhancement" or Multiplier.

Plaintiff demands a 10% enhancement ($12,439.44) on fees from the date the complaint was filed through the filing of the instant attorney's fee petition, for two reasons – delay and "excellent result." A delay enhancer is unjustified because any increased rate is already encompassed within the lodestar calculation.  *See*, *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Where, as here, fees are awarded pursuant to a fee-shifting statute, attorney's fees must be lodestar based, and enhancement is the exception.  Enhancements are not allowed for any of the garden variety reasons such as novelty, complexity of issues, skill and experience of the attorneys, quality of representation, result, delay or contingent representation.  Such factors are already subsumed in the lodestar and rates.  *Id.*

---

[3]   Pursuant to 28 U.S.C.A. § 1920, costs are allowable for only a limited list of expenses:

> (1)  Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In *Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984), a civil rights fee shifting action, the Supreme Court held that an upward adjustment of the lodestar is available only in exceptional cases.  With all due respect to Plaintiff's reliance upon Judge Posner's 1992 article, in 1992, the Supreme Court stated: "[W]e hold that enhancement for contingency is not permitted under the fee-shifting statutes at issue."  *City of Burlington*, *supra* at 567.  All fee shifting statutes providing for reasonable attorneys fees were included:  "[O]ur case law construing what is a 'reasonable' fee applies uniformly to all" of the many fee-shifting statutes that employ this language.  *Id.* at 562.  In addition to squarely holding that enhancement for contingency is not permitted under fee-shifting statutes, the Supreme Court confirmed:

> We have established a strong presumption that the lodestar represents the "reasonable" fee and have placed upon the fee applicant who seeks more than that the burden of showing that such an adjustment is ***necessary*** to the determination of a reasonable fee.

*Id.* at 562 (emphasis in original; omitting sub-quotation marks and citations to *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Plaintiff's counsel files dozens of cases and virtually all settle for a lump sum – there is no expectation of payment of fees before or when services are rendered.  Here, there are simply no circumstances to justify an enhancement.  "A delay multiplier is not automatically necessary to provide a reasonable compensation."  *Hall, supra*, 943 F. Supp. at 546. Delay multipliers are not granted as a matter of right; "the burden [is] on plaintiffs to document the ***need*** for a delay multiplier."  *Keenan v. Philadelphia*, 983 F.2d 459, 476 (3d Cir. 1992) (*emphasis supplied*).  In order to establish such a need, Plaintiff must demonstrate that some loss was suffered as a result of a delay in payment, such as changes in rates or money borrowed:

> We have upheld a lower court's grant of compensation for delay in view of evidence which was placed before the district court of (1) market interest rates **and** (2) certification of law firms loans and interest payments paid on those loans while the law firm awaited payment of the fee in the case. (emphasis supplied) *Id.*

There are no allegations here of such changes and Plaintiff has failed to demonstrate any entitlement to an enhancement

Finally, because delay in payment is routine in contingent and fee shifting case, such delay does not entitle counsel to interest. This is particularly true given the nominal delay here. In *Hall*, Judge Joyner found that an eighteen (18) month delay did not warrant an enhancement:

> the 18 months between filing and resolution does not constitute such a protracted litigation as to warrant a delay enhancement. *See Peters, 1993 U.S. Dist. LEXIS 3722, 1993* WL at *2 (refusing to grant delay multiplier where 23 months elapsed between filing of complaint and award of fees). *Hall, supra*, 943 F. Supp. at 546[4]

This case stands in stark contrast to *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897 (3d Cir. 1985) (cited by Plaintiff), wherein a "protracted civil rights case" was litigated from 1972 to 1985. *Id.* at 901. This matter was resolved in one year, and was in no way "protracted."

Moreover, the justification advanced by Plaintiff's counsel for a delay enhancer is factually untrue. Plaintiff's wrongly claim that "In the case at bar, an enhancement of the regular fee of Plaintiff's counsel is appropriate to account for the fact that Plaintiff's counsel still has not received any payment." (Pltf's Mot., p. 20.) On the contrary, Plaintiff's counsel has been compensated through settlements with Trans Union's co-defendants, Experian (which settled in September 2009), ACCB and Chancellor (both of which settled in February 2010). As noted

---

[4] *See also, Dooley v. City of Philadelphia*, 2002 U.S. Dist. LEXIS 17320, *27-8 (E.D. Pa. 2002) ("I further note that based on the contingency fee relationship common in cases of this nature, and the need to establish plaintiff as a prevailing party, payment to plaintiff's counsel would generally be delayed until the resolution of the matter. … Delay between the rendering of services and the receipt of payment is not uncommon throughout the profession. I conclude that a delay multiplier is not warranted in this action." (*internal citations, quotation marks omitted.*)

above, there is no way to effectively segregate the litigation tasks between Trans Union and any other defendant.  Plaintiff's claim was unitary and indivisible, and, as such, compensation from the other defendants is necessarily compensation toward the overall attorney's fees claimed by Plaintiff's counsel.  *See*, *Halderman*, *supra*, 725 F.Supp. 861, 865 (E.D. Pa. 1989) ("Plaintiffs' attorneys either have or should have recovered fees for the shares of those collective hours attributable to the [settling defendants], and they may not now seek to impute that same time to other defendants.")[5]

## III.    CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that this Court allocate liability for Plaintiff's attorney's fees to all defendants equally and otherwise reduce Plaintiff's attorney's fees and costs as set forth above, Accordingly, it is respectfully requested that the fees awarded not exceed $97,647.45, and that the costs not exceed  $4,854.06.

Respectfully Submitted,

KOGAN, TRICHON & WERTHEIMER, P.C.

*/s/Christopher N. Jones*
BRUCE S. LUCKMAN
CHRISTOPHER N. JONES
TIMOTHY P. CREECH
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
Email:  bluckman@mstkw.com
            cjones@mstkw.com
            tcreech@mstkw.com

*Counsel for Trans Union LLC*

DATED:        April 23, 2010

---

[5]   To the extent the punitive damages award is not vacated outright and Plaintiff's counsel recovers a percentage of that award under its fee agreement, there would be even less justification for an enhancement.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARMEN DIXON-ROLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No: 09-646 |
| ) | |
| TRANS UNION, LLC, ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

CHRISTOPHER N. JONES, Esq., hereby certifies that he caused a true and correct copy

of the foregoing Trans Union LLC's Opposition to Plaintiff's Motion for Award of Attorney's

Fees and Costs to be sent on this date, *via* ECF Notification to the following:

Mark D. Mailman, Esq.
John Soumilas, Esq.
Geoffrey H. Baskerville, Esq.
FRANCIS & MAILMAN, P.C.
*Counsel for Plaintiff*


/s/ Christopher N. Jones
CHRISTOPHER N. JONES


DATED:        April 23, 2010