IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMEN DIXON-ROLLINS )<br>)<br>     Plaintiff, )<br>   vs. )<br>)<br>TRANS UNION, LLC )<br>)<br>     Defendant. )<br>) | Civil Action No. 09-646 |

**PLAINTIFF'S REPLY TO TRANS UNION, LLC'S RESPONSE TO PLAINTIFF'S FEE PETITION AND PLAINTIFF'S SUPPLEMENTAL PETITION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS FOR POST-TRIAL PRACTICE**

Plaintiff Carmon Dixon-Rollins, through counsel, respectfully submits this (1) Reply to Trans Union, LLC's response to Plaintiff's Fee Petition and (2) Supplemental Petition for an Award of Attorneys' Fees and Costs for Post-Trial Practice, wherein Plaintiff seeks an additional $24,059 in attorneys' fees and $424.65 in costs for work performed since April 9, 2010.

I.   **PLAINTIFF'S REPLY TO TRANS UNION'S OPPOSITION**

   A.   **The Total Hours Plaintiff Allocated To Trans Union Are Reasonable**

In its opposition to Plaintiff's Fee Petition, Trans Union first argues that the amount of time that Plaintiff allocated to her litigation against Trans Union only is unreasonable. Although Plaintiff specifically charged Trans Union only 33% to 50% of time that her counsel spent on specific tasks that also involved other Defendants, Trans Union says that an additional 77.77 hours of cuts is more reasonable, allegedly because Trans Union was the least "culpable" Defendant in this case. (TU Opp. 3, 4-6).

As a threshold matter, Trans Union and its counsel have refused to produce their own time and billing records, showing how many hours they, in fact, believed were reasonable in defending Trans Union in this matter. Plaintiff subpoenaed these records to rebut the very

argument that Trans Union is making now. Plaintiff's Motion to Enforce Subpoena is pending before this Court. (Docket No. 101).[1] Without producing the billing records of its own attorneys, Trans Union has no good faith basis to argue that Plaintiff's allocation of time to litigating this matter against Trans Union is unreasonable. In fact, Trans Union's failure to produce its attorneys' time and billing records leads to the inference that Trans Union's own attorneys could not, and did not, litigate this case in less time or for a lower counsel fee than Plaintiff's counsel.

Trans Union erroneously assumes that Plaintiff's counsel fee should be reduced because Trans Union was allegedly the least "culpable" Defendant. Trans Union's argument misapprehends its liability in the case, and also misapprehends its role in increasing the litigation expenses here. No matter how Trans Union would like to re-characterize the record, the jury's verdict speaks for itself as to Trans Union's liability. Moreover, if Trans Union truly believed that it was the least "culpable" Defendant here, it surely did not defend the case by taking a back seat. Rather, Trans Union took the lead at every step of this litigation, from discovery and depositions, through motion practice and trial. At no point did Trans Union litigate this case as though it was the "least culpable" Defendant. In fact, Trans Union was the driving wheel of this case. As such, Trans Union's litigation approach is the main reason for the fees and costs accrued by Plaintiff's counsel.

Plaintiff's allocation of time in this case is reasonably grounded in applicable law.[2] Despite the fact that many of the tasks undertaken by Plaintiff's counsel would have to be done

---

[1] There is ample authority supporting the enforcement of Plaintiff's subpoena, which is cited in the Motion to Enforce Subpoena. (*Id.*).

[2] *See Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1214 (3d Cir. 1978) (legal services "fairly devoted" to the case against one defendant are compensable "even though those very same legal services" also supported the prosecution of the case against other

even if Trans Union was the only Defendant, Plaintiff reduced the time allocated to Trans Union for these tasks by 50% to 66.6%. The fact that Trans Union now feels that some other percentage reduction should be applied does not make Plaintiff's apportionment unreasonable.

Finally, it must be emphasized that although Trans Union says that an apportionment strictly upon the number of Defendants in four distinct time periods in this case is the most reasonable approach (TU Opp. at 6), that is not what it, in fact, does in slashing Plaintiff's time records (TU Opp. at Ex. 1). Specifically, in its opposition brief, Trans Union submitted that "liability for attorneys [sic] fees ought to be divided equally among the number of defendants against which Plaintiff prosecuted her claims at the time the fees were incurred." (TU Opp. at 3). Defendant then sets forth what it deemed to be the correct proportion of fees attributable to Trans Union based upon the number of Defendants during each time period of litigation as follows: February 16, 2009 through June 21, 2009 at 33.3%; June 22, 2009 through September 7, 2009 at 25%; September 8, 2009 through February 17, 2010 at 33.3%; and February 18, 2010 through present at 100%. (*Id.* at 6). Trans Union then attaches as Exhibit 1 to its opposition brief purportedly adjusted time-sheets for Plaintiff's attorneys' fees during litigation of this case according to its proposed method of calculation.

---

defendants; further the Third Circuit held that the District Court erred in "simply allocating the hours [spent by plaintiff's counsel] among the various defendants in proportion to their number."); *Haines v. Forbes Road School District*, 2010 WL 56101, at *7 (M.D. Pa. Jan. 5, 2010) (the majority of the work done on claims against one defendant "cannot be excised from the fee award because it significantly overlaps and intertwines with the litigation" against the other defendant; hours fairly spent against one defendant that also support a claim against another defendant are recoverable against the first defendant); *Sheffer v. Experian*, 290 F. Supp. 2d 538, 545 (E.D. Pa. 2003) (rejecting the defendant's argument that plaintiff's time be "mechanically" divided by the number of defendants originally in the case, the court noted that expenses such as drafting complaint, attending Rule 16 conference, preparing and attending depositions and attending settlement conferences are recoverable from the remaining defendant because "many of these expenses would have to be incurred" even if there had been only one defendant).

Rather than basing its calculations by dividing equally Plaintiff's attorneys' fees by the number of Defendants for each of its proposed "time periods," however, Trans Union instead based its calculation by first cutting the time spent on select tasks as it saw fit (without so telling Plaintiff or this Court), and then by dividing the remainder of time by its proposed percentages per time period.[3] Had Defendant Trans Union actually calculated the attorney hours based upon its own proposal to divide Plaintiff's time per Defendant equally by time period, the result would be as follows:

| **2/16/09 – 6/21/09 33.3%** | **6/22/09 – 9/7/09 25%** | **9/8/09 – 2/17/10 33.3%** | **2/18/10 – present 100%** | **Total** |
|---|---|---|---|---|
| MDM: 5.7 (17.1) $2,223.00 | MDM: 1.275 (5.1) $497.25 | MDM: 0.133 (.4) $52.00 | MDM: 1.2 $468.00 | $3,240.25 |
| JS: 2.76 (8.3) $871.50 | JS: 4.95 (19.8) $1,559.25 | JS: 69.533 (208.6) $21,903.00 | JS: 117.4 $36,981.00 | $61,314.75 |
| GHB: 5.63 (16.9) $1,915.33 | GHB: 3.225 (12.9) $1,096.50 | GHB: 30.866 (92.6) $10,494.67 | GHB: 63.1 $21,454.00 | $34,960.50 |
| AB: 0 $0.00 | AB: 0 $0.00 | AB: 0 $0.00 | AB: 9.5 $1,187.50 | $1,187.50 |
| DMS: 0.6 (1.8) $75.00 | DMS: 2.575 (10.3) $321.88 | DMS: 23.9 $2,987.50 | DMS: 49.3 $6,162.50 | $9,546.88 |
| CB: 2.36 (7.1) $295.83 | CB: 0 $0.00 | CB: 0 $0.00 | CB: 0 $0.00 | $295.83 |
| TOTAL: $5,380.66 | TOTAL: $3,474.88 | TOTAL: $35,437.17 | TOTAL: $66,253.00 | $110,545.71 |

---

[3] For example, Defendant Trans Union proposed that it should pay 33% of Plaintiff's attorneys' fees from Sept. 8, 2009 through Feb. 17, 2010, yet it reduced time entries for John Soumilas on Sept. 9, 2009, Sept. 10, 2009, and Sept. 18, 2009 by 75% rather than 67%. *See* TU Opp. at Ex. 1 at p. 8. In another example from the same time period Trans Union reduced a time entry dated Dec. 9, 2009 for Geoffrey Baskerville by 100% rather than 67%. *See Id.* Ex. 1 at p. 19. There are many other examples where counsel's time is reduced to 0% without explanation.

Thus, Trans Union improperly cut an *additional* $8,602.26 off Plaintiff's attorneys' fees beyond Defendant's *own proposal* to have "liability for attorneys [sic] fees [ ] divided equally among the number of defendants" for each time period. This "creative accounting" cannot be the basis for any reduction to Plaintiff's Fee Petition, which should be approved as submitted.[4]

### B. The Hourly Rate For Geoffrey H. Baskerville Is Reasonable And Supported

Contrary to Trans Union's second assertion, Plaintiff has already supplied this Court with support for Mr. Baskerville's rate of $340 per hour. In her Fee Petition, Plaintiff refers to the Laffey Matrix, a summary of Mr. Baskerville's professional background as part of the firm's biography, and two cases from this District involving attorneys' fee for attorneys with similar years of experience to Mr. Baskerville as support for the hourly rate requested for Mr. Baskerville. *See*, *e.g.*, *Ciccarone v. Marchese*, 2004 WL 2966932, at *6 (E.D. Pa. Dec. 22, 2004) (approving an attorney with 15 years experience at $400) and *Phillips v. Philadelphia Housing Authority*, 2005 WL 3488872, at *6 (E.D. Pa. Dec. 20, 2005) (approving a Community Legal Services attorney with 18 years experience at $330 per hour). In addition to the support for Mr. Baskerville's hourly rate that has already been provided, Plaintiff now attaches the Declaration of Patrick J. Gibbons, Esquire, which further attests to the reasonableness of Mr. Baskerville's requested hourly rate. (*See* Exhibit A hereto).

Trans Union also contends that there is no reason for the 17% increase in Mr. Baskerville's requested rate since his hourly rate was last approved at $290/hour by Judge

---

[4] Trans Union's demand for records associated with copying costs is unreasonable. Most of the copying costs were incurred in connection with pre-trial briefing and submissions and with trial, which included multiple large binders of exhibits and multiple copies of deposition transcripts. The number of copies comes from the copier in Plaintiff's counsel's office, which tallies the number of copies by case number code. A code is needed to operate the copier and each case has its own code. The copier simply does not give receipts as to the number of copies tallied and does not specify the date of each copy.

O'Neill in *Morris and Posner v. I.C. System*, 2009 WL 1362594, at *3 (E.D. Pa. May 15, 2009). The increase in Mr. Baskerville's hourly rate is justified by the increase in his specific experience and skill in handling consumer litigation matters. Skill and expertise are appropriate factors in determining a proper hourly rate. Although Mr. Baskerville had substantial experience in civil litigation at the time of the fee petition in *Morris and Posner*, he had not handled a very high number of consumer protection matters, approximately 65 at the conclusion of that case in October 2008. Now, approximately a year-and-a-half later, Mr. Baskerville has handled approximately 150 consumer protection cases. (*See* Exhibit B hereto). More than doubling the number of cases that he has handled in his specific field, combined with his 18 years of general civil litigation experience, warrants the increase in Mr. Baskerville's hourly rate.

Thus, Mr. Baskerville's hourly rate of $340 is clearly supported and is reasonable for an attorney with his years of experience and specific skill and expertise in litigating cases under the FCRA and other federal consumer protection statutes.

### C. An Enhancer To The Lodestar Is Appropriate

Trans Union further opposes Plaintiff's request for a minimum 10% counsel fee enhancer, claiming that such an enhancer is unjustified. Since Plaintiff filed her Fee Petition on April 9, 2010, the U.S. Supreme Court reminded us that an enhancer is appropriate in "exceptional" circumstances. *Perdue v. Kenny*, ___ U.S. ____, 2010 WL 1558980, at *8 (U.S. Apr. 21, 2010). In *Perdue*, the High Court reiterated:

> In light of what we have said in prior cases, we reject any contention that a fee determined by the lodestar method may not be enhanced in any situation. The lodestar method was never intended to be conclusive in all circumstances.

*Id.* The Supreme Court said that the analysis of whether an enhancer is appropriate begins with the "results." *Id.*

This is the type of case where this Court may approve an enhancer based upon specific evidence, including the fact that Mr. Soumilas' hourly rate is below market value, the fact that this is a consumer protection case (where courts have repeatedly said that awarding a proper counsel fee is necessary to attract competent counsel for matters that are often of a low monetary value, but of an important societal value), as well as the exceptional jury verdict in this case. Indeed, if one were to read Trans Union's post-trial motion (Docket No. 100), one would think that this case had one of the most extraordinarily high jury verdicts in the history of the FCRA. The same Defendant cannot now reasonably argue that Plaintiff's "results" were only mediocre. The modest enhancer is appropriate.

II. **SUPPLEMENTAL PETITION FOR FEES AND COSTS**

Since the submission of Plaintiff's Fee Petition on April 9, 2010, Plaintiff has incurred additional fees and costs for matters relating to Trans Union's post-trial litigation of this case at the trial court level, which she now seeks to recoup.

First, as noted above, Plaintiff served a subpoena upon Trans Union's attorneys for their billing records, and after Trans Union and its counsel refused to produce any records, Plaintiff filed a Motion to Enforce the Subpoena. (Docket No. 101).

Next, Plaintiff has responded to a lengthy and detailed post-trial motion filed by Trans Union. As part of that 46-page response, Plaintiff's counsel also had to review the entire trial transcript.

And finally, Plaintiff had to prepare this Reply Brief and Supplemental Fee Petition, which are properly compensable. *See Morris and Posner v. I.C. System*, 2009 WL 1362594, at *5 (E.D. Pa. May 15, 2009) (awarding counsel fees for reply brief in consumer protection case);

*see generally Prandini v. National Tea Co.*, 585 F.2d 47, 52-53 (3d Cir. 1978); *Becker v. ARCO Chemical Company*, 15 F. Supp. 2d 621 (E.D. Pa. 1998).

In total, and since April 9, 2010, Plaintiff's counsel spent an additional 84 hours and incurred $24,059 in counsel fees for this necessary post-trial practice and briefing. Also, Plaintiff has expended additional costs of $424.65 for purchasing the trial transcript in this matter. *See* Mailman Supp. Decl. (Exhibit C hereto) (attaching billing and cost records).

## III.    CONCLUSION

For all of the additional reasons set forth above, Plaintiff's Motion for Judgment in Her Favor, Inclusive of an Award of Attorney's Fees and Expenses, along with Post-Judgment Interest should be granted. Plaintiff should be awarded attorneys' fees in the amount of $136,833.84 and costs in the amount of $6,391.34 in connection with her original Fee Petition. In connection with this Supplemental Fee Petition, Plaintiff should be awarded an additional $24,059 in attorneys' fees and $424.65 in costs. Thus, the total judgment in Plaintiff's favor, inclusive of the $530,000 jury verdict and of reasonable attorneys' fees and costs, should be in the amount of $697,708.83.

                    Respectfully submitted,
                    **FRANCIS & MAILMAN, P.C.**

By:   */s/ John Soumilas*
      MARK D. MAILMAN
      JOHN SOUMILAS
      GEOFFREY H. BASKERVILLE
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA  19110

Dated: April 30, 2010       (215) 735-8600

## **CERTIFICATE OF SERVICE**

I, John Soumilas, hereby certify that, on this date, I caused a true and correct copy of the foregoing Plaintiff's Reply to Trans Union, LLC's Response to Plaintiff's Fee Petition and Plaintiff Supplemental Petition for an Award of Attorneys' Fees and Costs for Post-Trial Practice to be served by way of ECF Notification upon the following individuals:

Bruce S. Luckman, Esquire
Christopher N. Jones, Esquire
Timothy P. Creech, Esquire
Kogan, Trichon & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA  19103-3699
bluckman@mstkw.com
cjones@mstkw.com
tcreech@mstkw.com

*Attorneys for Defendant
Trans Union, LLC*

**FRANCIS & MAILMAN, P.C.**


  */s/ John Soumilas*
JOHN SOUMILAS
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
(215) 735-8600

DATED: April 30, 2010